Estate of Adams: Leenhouts, Assessor of Incomes, Appellant, vs. Nurnberg, Executor, Respondent.

*February 10—March 9, 1937.*

For the appellant there was a brief by *Herbert J. Steffes,* district attorney of Milwaukee county, *Oliver L. O'Boyle,* corporation counsel, and *C. Stanley Perry,* assistant corporation counsel, and oral argument by *Mr. Perry.*

For the respondent there was a brief by *Lines, Spooner & Quarles,* attorneys, and *Maxwell H. Herriott* of counsel, all of Milwaukee, and oral argument by *Mr. Herriott.*

FRITZ, J.   In passing upon the order under review, it suffices to note the following facts: In the proceedings administering the estate in question, the county court entered an order fixing and limiting the period up to August 6, 1935, as the time within which creditors were to present their claims. There was no extension of that period, and on December 12, 1935, the court either allowed or disallowed the claims which had been filed.   On December 2, 1935, John H. Leenhouts, as assessor of incomes, served on the executors notice of a

proposed additional assessment for income taxes on income received by the deceased, Ella F. Adams, in the years 1929 to 1934. The executors conceded the correctness of those assessments for 1931 to 1934, and paid the tax thereon. Under protest, they also paid the tax on the additional assessments for 1929 and 1930, but duly filed objections on merits to those two assessments. Upon a hearing pursuant to those objections, the county board of review sustained those assessments, and an appeal from that determination was taken by the executors to the tax commission, where that matter is still pending.

The county court's order, barring and disallowing the claims in question, so far as concerns payment thereof by the estate, was based primarily upon the following conclusions:

(a) That the county court has, pursuant to sec. 313.08, Stats., jurisdiction to order barred all claims for income taxes on income received by the deceased during 1929 and 1930, if notice of assessment thereof was not given within the period specified by the statutes in such case made and provided; and that under the provisions of sec. 71.11 (5), Stats. 1931, and secs. 71.115 and 370.06, Stats. 1935, no additional assessment based upon income received in 1929 and 1930 can validly be made pursuant to a notice given on December 2, 1935.

(b) That a claim for Wisconsin income taxes, based upon income received by the decedent, to be allowable, must have been filed against the decedent's estate in accordance with the court's order entered pursuant to secs. 313.03 and 313.04, Stats., unless determined in accordance with the provisions of sec. 71.095 (6), Stats., and that the assessor of incomes did not by the December 2, 1935, service on the executors of the notice of an additional assessment comply or purport to follow the provisions of sec. 71.095 (6), Stats.

Those conclusions as to the county court's jurisdiction, and that it is necessary to file a claim for state income taxes in accordance with the provisions of secs. 313.03 and 313.04,

Stats., cannot be sustained in view of provisions in the Income Tax Act, ch. 71, Stats. Because (as will appear hereinafter) it was beyond that court's jurisdiction to pass upon the issues as to the sufficiency in point of time, and the consequent validity of the service on December 2, 1935, of the assessor's notice of additional assessments, it is not necessary on this appeal to pass on the court's conclusion that no additional assessment upon income received in 1929 and 1930 could be validly made pursuant to that notice.

It was beyond the court's jurisdiction to order barred, under sec. 313.08, Stats., all claims for taxes on income received by the deceased during 1929 and 1930, as to which notice of assessment was not given within the period specified in ch. 71, Stats., because jurisdiction to pass upon issues involved in making that adjudication can be acquired and exercised only by the tribunals, and in the manner and under the conditions prescribed in that chapter. So far as here material, sec. 71.14, Stats., reads, "Exclusive original jurisdiction. No person against whom an assessment of income tax has been made shall be allowed in any action either as plaintiff or defendant, or in any other proceeding to question such assessment unless the requirements of sections 71.12, 71.13, and 71.15 shall first have been complied with. . . ." And sec. 71.16, Stats., reads, "Exclusive remedy for court review of any income tax assessment made, corrected or confirmed; . . . (1) The provisions for appeal provided in this section shall be the sole and exclusive remedy for court review of any assessment of income or surtaxes made, corrected or confirmed. (2) No person against whom any assessment of income or surtaxes has been made, corrected or confirmed shall be allowed in any action or proceeding either as plaintiff or defendant to contest any such assessment unless such person shall first have availed himself of the remedies provided by sections 71.12, 71.14, and 71.15. (3) . . . Appeals by persons other than corporations shall be taken to the circuit court

of the county before whose income tax board of review the hearing on the assessment was held." The requirements and the remedies in the sections cited in those provisions are as follows :

"Sec. 71.12 . . . Any person feeling aggrieved by such assessment shall be entitled to a hearing before the tax commission in the case of corporations or the county board of review in the case of persons other than corporations, if within twenty days after notice of such assessment he shall apply for such hearing in writing, explaining in detail his objections to such assessment. . . . If a request for hearing is made the taxpayer shall be heard by the tax commission or the board of review as the case may be and after such hearing the tax commission or the board of review shall render its decision regarding such assessment."

"Sec. 71.13 (4) (a) The board shall receive any statement of the assessor or of any other person regarding assessments or changes in assessments, and shall hear and examine, and permit the assessor to examine, upon oath, any aggrieved person, entitled to a hearing under section 71.12 on his assessment, or any other person who shall appear before it in relation to such assessment, . . . and the board may direct an assessment to be made or increase or decrease any assessment, if satisfied from the evidence submitted."

"Sec. 71.15 (1) Any person, including the assessor of incomes dissatisfied with any determination of the county board of review may appeal within twenty days after the date of such determination to the tax commission. . . . A copy of the notice of appeal shall be served upon the tax commission.

"(2) The tax commission shall review such assessments from the record thus submitted, and shall make necessary corrections and certify its conclusion to the county clerk, who shall duly notify the person liable for the taxes, and the assessor of incomes shall enter the corrected assessment on the assessment roll and certify the proper tax in the same manner as other income taxes are certified."

Those sections vest in the officials, boards, and the circuit courts mentioned therein exclusive jurisdiction to determine, and the sole and exclusive remedy to review, any and all ques-

tions and contests as to any assessment made of income or surtaxes, or the correction or confirmation thereof. As they do not confer any such jurisdiction or power upon the county courts, the latter are without jurisdiction of the subject matter, including the issues involved under the order to show cause, pursuant to which the court entered the order now under review.

Furthermore, neither the provisions in sec. 313.08, Stats., nor the provisions in any of the other sections in ch. 313, Stats., which relate to the filing, presentation, allowance, and barring of claims are applicable to claims of the state against the estates of decedents on account of income taxes. At the outset it should be noted that in respect to claims for taxes generally, "The more general view is that the requirement of presentation does not apply to claims for taxes and assessments, whether assessed before or after the death of decedent." 24 C. J. p. 325, § 946. In holding that it was not necessary to present a claim for a tax levied on property, omitted from the tax roll in former years, in the county court as a claim against the estate of a decedent, this court in *Bogue v. Laughlin*, 149 Wis. 271, 284, 136 N. W. 606, quoted the following:

"Taxes are not such claims which the law of this state either requires or intends shall be filed for payment against a decedent's estate. It is true that taxes, in the order prescribed by the statute for the payment of liabilities of a decedent's estate, come within the fourth provision of such order of payment. . . . The duty, however, rests upon the administrator or executor to pay the taxes due against the estate without their being filed or presented for payment." *Graham v. Russell*, 152 Ind. 186, 52 N. E. 806.

The decision in *Banking Comm. v. Muzik*, 216 Wis. 596, 257 N. W. 174 (cited by respondent), is not in point, because the claim in question was not in favor of the state. It was

but a claim on a bank stockholder's liability, which the state banking commission, as receiver of a bank, was endeavoring to enforce for the benefit of its private creditors.

However, in addition to the rule that statutory provisions as to the filing, presentation, and barring of private claims against the estates of decedents are generally not applicable to the state's claims for taxes, the manner of filing and the order necessary to secure payment in the county court are expressly prescribed and controlled by the following provisions in sec. 71.095 (6), Stats. 1935,—

"An executor, administrator, guardian or trustee applying to a court having jurisdiction for a discharge from his trust and a final settlement of his accounts, before his application shall be granted, shall file with the assessor of incomes of the county in which the trust or estate is being administered a return of all incomes received in his representative capacity during the time between the last preceding January first and the date of his application for discharge and also similar returns of income received by the deceased during each of the years open to audit under section 71.115 if such returns have not heretofore been filed. Upon the receipt of such returns, the assessor of incomes shall immediately determine the amount of taxes to become due and shall certify such amount to the court and the court shall thereupon enter an order directing the executor, administrator, trustee or guardian, as the case may be, to pay to the tax commission the amount of tax, if any, found due by the assessor of incomes, and take his receipt therefor. . . . The receipt of the tax commission shall be evidence of the payment of the tax and shall be filed with the court before a final distribution of the estate is ordered, and the executor, administrator, trustee or guardian is discharged. . . . Any taxes found to be due from the estate for any of the years open to audit under section 71.115 shall be assessed against and paid by the executor or administrator. . . ."

As those provisions provide specifically, (1) that the determination as to the amount of income taxes to be paid out of

an estate on income received by either a deceased, or by his representative after his demise, including income received during each of the years open to audit under sec. 71.115, Stats., is to be made by the assessor of incomes; (2) that by means of his certification the state's claim therefor is to be presented to the court having jurisdiction of the administration of the estate; and (3) that upon such assessor's certification as to the amount determined by him, the court shall order and direct the payment by the executor or other representative of the estate of the amount so determined and certified, they are controlling in respect to the manner of presenting the state's claim for income taxes, as well as the official empowered to determine the amount which is due as such a tax and must be paid out of an estate before the court can order a final settlement and distribution thereof, etc. Because of those specific provisions in sec. 71.095 (6), Stats., all other statutory provisions which are applicable generally to the filing, allowance, and barring of claims are inapplicable to the state's claims for income taxes; and to have them allowed and paid out of the estate it is not necessary to file them as provided or within the time limited by an order made under sec. 313.03, Stats. All that is necessary under sec. 71.095 (6), Stats., in order to require the court to enter an order directing the payment of the tax, is the assessor's certification to the court as to the amount determined by him to be due as such tax. No limitation is prescribed as to the time within which that must be done by the assessor, and the court is required to order the payment of the certified amount without any authority on its part to pass (in the probate proceedings) upon the validity thereof, or the timeliness of the assessor's determination or certification of that amount; and "before a final distribution of the estate is ordered" there must be filed with the court the tax commission's receipt evidencing "the payment of the tax." That, in connection with

the additional provision in sec. 71.095 (6), Stats., that "any taxes found to be due from the estate for any of the years open to audit under section 71.115 shall be assessed against and paid by the executor or administrator," clearly indicates that the amount of the tax on any income received during any year still open to audit, under sec. 71.115, Stats., is to be likewise certified and directed to be paid under sec. 71.095 (6), Stats. It follows that the state's claims for income taxes, whether based on initial or additional assessments of income, need not be filed under sec. 313.03, Stats., as ordinary private claims must be in order to avoid the bar prescribed by sec. 313.08, Stats., and that the latter is not applicable to such claims.

*By the Court.*—Order reversed, with directions to dismiss the petition pursuant to which the order reversed was entered.