HARRY R. SHERWOOD, ADMINISTRATOR (ESTATE OF ELLA F. HULL) *vs.* CITY OF BRIDGEPORT.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued October 5th—decided December 9th, 1937.

*Hereward Wake,* for the appellant (plaintiff).

*David Goldstein,* for the appellee (defendant).

BROWN, J. On December 16th, 1905, the Court of Probate for the district of Fairfield approved the dis-

tribution of the testate estate of David B. Disbrow, deceased, whereby premises on Highland Avenue in Bridgeport were set to Ella F. Hull, the plaintiff's intestate, for life. This distribution was never recorded on the Bridgeport land records. Taxes on these premises for the years 1917 to 1935 inclusive were assessed by the defendant in the name of Ella F. Hull, and have not been paid. She died intestate, a resident of Westport, on August 10th, 1934. The defendant presented no claim to the plaintiff, administrator of her estate, within the time limited by the Court of Probate for the district of Westport for the presentation of claims against the estate. The plaintiff has filed no final account as administrator, and no final distribution of the estate has been made. The court concluded upon these facts found that a municipality is not required to present to an administrator any claim for taxes owed by his decedent at death, and rendered a declaratory judgment that the estate and the plaintiff as administrator thereof are both liable to the defendant for these unpaid taxes owed by Ella F. Hull at her death. The question determinative of this appeal is whether the defendant is entitled to recover the amount of these taxes, notwithstanding its failure to present any claim therefor within the time limited for the presentation of claims under the order of the Court of Probate.

The plaintiff's contention is that defendant's recovery is barred by the provisions of § 4914 of the General Statutes, pursuant to which the order of the Court of Probate was passed, since upon the facts found the case does not fall within the terms of § 4967 of the General Statutes, providing the only exception upon which the defendant can claim to rely. Section 4914 provides that the Court of Probate may limit a time for the presentation of claims, and then con-

tinues: "and if any creditor shall fail to exhibit his claim within such time as may be limited by such order, he shall be barred of his demand against such estate." Section 4967, so far as applicable to the situation here, provides: "Each . . . administrator shall ascertain from the collector of taxes of the town . . . where such decedent last resided, or in which such . . . decedent owned real estate, whether any taxes are due upon any of the estate which shall have come into his hands and shall liquidate the same, if there are sufficient assets, before making a final settlement of his accounts." The record here contains no finding of sufficient assets. This of itself renders this statute inapplicable in the present case. But further, as the plaintiff maintains, the duty imposed upon the administrator by this statute to ascertain and liquidate taxes of his decedent, is confined to such taxes as are due "upon any of the estate which shall have come into his hands." Since the plaintiff's intestate owned a life estate only in the property upon which these taxes were due, her death terminated her interest therein, entitling the remainderman to the full and immediate enjoyment of his estate in the property as provided by the will of David B. Disbrow. In no sense, therefore, could or did this life estate, or any part of it, come into the hands of the plaintiff administrator. Accordingly, § 4967 does not affect any bar to the defendant's claim prescribed by § 4914.

The defendant contends, however, that § 4914 does not apply to claims for taxes and that therefore it is entitled to collect of the plaintiff notwithstanding its failure to present its claim therefor within the time limited by the Court of Probate. The word "claims" in the statute's provisions concerning the limitation of time for the presentation thereof, and for the barring of those not presented within the time so limited,

considered by itself, is a term of meaning broad enough to include taxes as well as all other obligations. The statute's repeated designation of those having such claims as "creditors," however, together with its subsequent provision for the payment of after-accruing claims out of the estate left after "the debts exhibited within the time limited" have been paid, show that; as the word is used in this statute, "claims" means those obligations which are in the broad sense of the term, debts. This word, as often used, includes within its meaning only obligations arising out of contract express or implied. But as § 4914 applies to claims founded in tort as well as contract, obviously no such narrow interpretation is applicable here. Broadly a debt may be defined rather, as what one owes to another. It is in this sense that the word "claims" is used in § 4914, and the taxes in question, therefore, fall within its meaning.

The distinction sometimes made between the moneyed obligation of a person incurred in his private capacity or from his individual acts, and one imposed upon him by law in his public relations or in common with all other citizens, does not apply here. Section 1231 of the General Statutes expressly provides that any properly assessed tax "shall become a debt due" from the person against whom it is assessed, and may, in addition to other remedies provided by law, be recovered by any proper action. This statute gives an additional method for the collection of taxes and does not affect those provided by other statutes, such as by levy and lien. Therefore when a municipality elects to treat its claim as a debt collectible under § 1231, notwithstanding the public nature of the obligation, there can be no impropriety in holding it a debt, which is a "claim" within § 4914, the same as the debt of any other creditor.

The provisions of § 4967 above recited also call for this interpretation of § 4914. By its terms § 4967 distinguishes between two kinds of tax claims against the estates of deceased persons. The first is where the assets on which the tax is due have come into the hands of the administrator or executor. The second is where they have not. The former is by far the more usual situation than the latter, of which the present case affords an instance. Section 4967 clearly evidences the legislative intent, predicated with good reason on the differing factual situation, that the duty of ascertaining and paying the tax shall rest upon the executor or administrator in the former case but not in the latter. To hold that the defendant in the present case was not bound under § 4914 to present its claim for taxes within the time limited by the Court of Probate, would in effect charge the plaintiff administrator here, who did not receive the assets taxed, with the same duty which under § 4967 is imposed only when such assets have come into the hands of the administrator or executor. That this would be the situation is apparent, since if such a tax claim need not be presented, it would be the administrator's duty to ascertain whatever taxes were due and to settle the estate before distribution. If the word "claims" in § 4914 had been deemed by the Legislature not to include taxes, there would have been no occasion to enact § 4967, and the latter section involves a legislative interpretation of the doubtful language of § 4914 which is very persuasive. 59 C. J., p. 1033, § 612.

In view of the comparatively small number of cases of claims for taxes against decedents' estates which do not fall within § 4967, considerations of public policy fortify this conclusion. The question is as to whether the duty should rest upon the administrator to pay the tax or upon the tax collector to present his

claim. It would be seldom indeed as a practical matter that a tax collector not content to rely upon a lien which he might have, if he exercised due diligence, would fail to discover within six months after the taxpayer's death that unpaid taxes were due from his estate. As between a possible loss of money to the municipality on the one hand and the upsetting of estates settled in ignorance of outstanding taxes on the other, the balance of public policy supports our conclusion that in such case as here, the claim must be presented, pursuant to the provisions of § 4914.

There is error, and the case is remanded to the Superior Court with direction to enter a declaratory judgment in accord with this opinion.

In this opinion the other judges concurred.