Estate of Michels: Sutherland, Executor, Appellant, vs. The State, Respondent.

*February 5—February 28, 1958.*

354

For the appellant there were briefs and oral argument by *A. D. Sutherland* of Fond du Lac.

For the respondent there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, attorneys, and *Richard E. Williams,* inheritance tax counsel, of counsel, and oral argument by *Mr. Persons.*

WINGERT, J.  We consider that the county court was correct in holding that it had no jurisdiction to determine that there was no gift-tax liability to the state of Wisconsin on the part of the decedent or his estate.

While sec. 253.03 (1), Stats.,[1] provides that the jurisdiction of the county court shall extend "to all matters relating to the settlement of the estates of such deceased persons" and sec. 310.14 requires personal representatives, including the appellant executor, to "pay and discharge out of such estate all expenses of administration, taxes, charges, claims allowed by the court," those general provisions, read in the light of certain specific provisions of the tax laws hereinafter mentioned, do not confer upon the county court the authority to determine the existence or nonexistence or amount of gift-tax liability. If the proper taxing authorities certify to the court that gift taxes are due, the court must order payment

[1] All references herein are to the statutes of 1955, which are applicable to this case.

of such taxes; and in the absence of such a certification (as in the present case), the court may approve the account of the executor showing no gift taxes paid and may discharge him; but the determination as to liability or nonliability for gift taxes is for the taxing authorities, subject to judicial review under ch. 227, Stats., and not for the county court.

The Wisconsin gift taxes are imposed by secs. 72.75 to 72.81, Stats., the administrative provisions being contained in sec. 72.81. Sub. (1) of sec. 72.81 makes it the duty of the department of taxation to supervise the administration of the gift tax, and provides that in the performance of such duty the department and the assessors of income shall possess all powers conferred upon them in the assessments of personal property and incomes, including the power to appraise the value of transfers. Sub. (2) requires reports of gifts aggregating more than $1,000 in a year to be made to the assessor of incomes. Sub. (3) makes both donee and donor jointly and severally liable for the gift tax. Sub. (5) provides that all provisions of the Income Tax Law, not in conflict with the provisions of secs. 72.75 to 72.81, relating to the assessment of income taxes and hearing and appeal therefrom, certification of taxes due, correction thereof, and collection and refund of income taxes, shall govern the assessment of gift taxes; and that the provisions for review by the Wisconsin board of tax appeals shall likewise apply. Sub. (6) makes gift taxes a lien on the property transferred until paid, or for ten years, and it confers upon the department of taxation the power to release the lien in specified circumstances.

In our view the provisions of sec. 72.81, Stats., thus summarized, and those of the Income Tax Law incorporated by reference, make it clear that the sole authority to determine in the first instance whether or not gift taxes are due from any person or estate rests exclusively with the department of taxation, including the assessor of incomes, and that review

of the department's determination lies solely with the board of tax appeals as provided by sec. 73.015 (1), subject to further review by the circuit and supreme courts as provided by sec. 73.015 (2) and ch. 227, Stats.

Since the administrative provisions of the Income Tax Law not in conflict with the Gift Tax Law are expressly made applicable in the administration of the gift tax (sec. 72.81 (1) and (5), Stats.), the present case is virtually ruled by *Estate of Adams,* 224 Wis. 237, 272 N. W. 19. There this court reversed an order of the county court disallowing a claim of the state for income taxes upon income received by the decedent on the ground that it was barred because of untimely assessment. After quoting provisions of the Income Tax Law, including what is now sec. 71.08 (11), this court said:

"Those sections vest in the officials, boards, and the circuit courts mentioned therein exclusive jurisdiction to determine, and the sole and exclusive remedy to review, any and all questions and contests as to any assessment made of income or surtaxes, or the correction or confirmation thereof. As they do not confer any such jurisdiction or power upon the county courts, the latter are without jurisdiction of the subject matter, including the issues involved under the order to show cause, pursuant to which the court entered the order now under review." *Estate of Adams,* 224 Wis. 237, 241, 272 N. W. 19.

This court went on to state that when the assessor of incomes certifies to the county court that an income tax is due,—

"No limitation is prescribed as to the time within which that must be done by the assessor, and the court is required to order the payment of the certified amount without any authority on its part to pass (in the probate proceedings) upon the validity thereof, or the timeliness of the assessor's determination or certification of that amount; . . ." *Estate of Adams,* 224 Wis. 237, 244, 272 N. W. 19.

We think the reasoning in *Estate of Adams, supra,* applies with equal force to the determination of gift-tax liability.

Appellant contends that even though it be held that the county court is without jurisdiction to determine the correct *amount* of an existing liability for gift taxes, it nevertheless has jurisdiction to determine that no taxable gifts have been made by or to the decedent and that no gift-tax liability whatever has accrued. In support of that argument, reference is made to sec. 71.08 (12), Stats., which contains the following provision:

"(12) Returns of income required to be made by virtue of the next preceding subsection may be dispensed with by order of the court having jurisdiction in cases where it is clearly evident to the court that no income tax is due or to become due from the trust or estate. . . ."

The quoted subsection is one of the administrative provisions of the Income Tax Law. Appellant argues that the testimony in the instant case shows conclusively that no gift tax is due or to become due from decedent's estate, although the county court declined so to hold, because *inter alia,* "The record in this matter does not make it clearly evident that no gift tax is due from said deceased or his estate."

We do not consider that sec. 71.08 (12), Stats., if applicable at all to gifts, has the significance attributed to it by appellant. It empowers the county court to dispense with "returns of income required to be made by virtue of the next preceding subsection," *i.e.,* sub. (11) of sec. 71.08. That subsection requires an executor or administrator applying to the court for final settlement of his accounts and discharge from his trust to file with the assessor of incomes returns of income received in his representative capacity not previously reported, and also returns of income received by the deceased during each year open to audit if such returns have not heretofore been filed. It further provides that upon receipt

of such returns "The assessor of incomes shall immediately determine the amount of taxes to become due" and shall certify such amount to the court.

Thus the authority conferred upon the county court by sub. (12) of sec. 71.08, Stats., extends only to the matter of dispensing with returns of income but leaves the question of determination of the amount of income taxes with the assessor of incomes. If the circumstances warrant, the court may wind up administration of the estate and discharge the executor without requiring him to file a final income-tax return, but it cannot make a determination that no income tax is due which will bind the taxing authorities and relieve the beneficiaries of the estate from liability under the last clause of sec. 71.08 (11), which provides that "Any taxes found to be due after the executor or administrator is discharged shall be assessed against and paid by the beneficiaries. . . ."

Moreover, sub. (11) of sec. 71.08, Stats., relates primarily to returns of income received during administration, while the obligation to file returns of income received by the decedent during his lifetime is imposed upon the executor by sub. (1), and nowhere is the county court authorized to dispense with the filing of returns as required by sub. (1). Thus even if sub. (12) were to be construed as conferring upon the county court jurisdiction to make a binding determination of nonliability, such jurisdiction would have to be limited to liability for taxes on income received during the period of administration and not previously reported. By parity of reasoning, sec. 71.08 (12) cannot be construed as empowering the county court to determine the absence of liability for taxes arising out of gifts made to or by the decedent prior to his death.

*By the Court.*—Order affirmed.