STATE OF CONNECTICUT *v.* ALEXANDER A. GOLDFARB, ADMINISTRATOR (ESTATE OF STANLEY OSTRICH)

ALCORN, C. J., HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued November 6, 1970—decided January 20, 1971

*Bernard F. McGovern, Jr.,* assistant attorney general, with whom, on the brief, were *Robert K. Kil-*

*lian,* attorney general, and *F. Michael Ahern,* assistant attorney general, for the appellant (plaintiff).

*J. Read Murphy,* with whom was *John E. Silliman,* for the appellee (defendant).

ALCORN, C. J. The state has appealed from a judgment rendered on the overruling of its demurrer to the defendant's special defense. The only issue, therefore, is whether the pleading demurred to, the allegations of which are assumed to be true for the purposes of this appeal, sets forth a good defense to the state's action. *Cashman* v. *Meriden Hospital,* 117 Conn. 585, 586, 169 A. 915. The complaint sought the recovery of damages against the decedent's estate on a claim which was not presented within the time limited by order of the Probate Court pursuant to the provisions of General Statutes § 45-205 and which was disallowed by the defendant administrator.

The complaint alleges, in substance, the following. The defendant is the duly appointed administrator of the estate of the decedent, Stanley Ostrich. From October 23, 1953, until his death on April 8, 1964, the decedent was a resident of the Veterans Home and Hospital at the expense of the state. The hospital is a state institution and, pursuant to General Statutes § 27-108, as amended, the veterans home and hospital commission had determined that the decedent's estate was able to pay for his support, which amounted to $24,779.04. The state had received from federal sources $7933.12 for the partial support of the decedent leaving a balance of $16,845.92. On March 21, 1968, the state, pursuant to General Statutes § 27-108, presented a claim for $16,845.92 to the defendant administrator which the latter disallowed on March 25, 1968.

The defendant filed a special defense in which he alleged, in substance, that, on November 30, 1967, the Probate Court ordered a three-month limitation for the presentation of claims against the estate; that, on March 18, 1968, he had made return to the court that no claims had been presented within the three-month period; that thereafter, on March 21, 1968, the veterans home and hospital commission had, through the attorney general, purported to present a claim for $16,845.92; and that this claim was not presented in timely fashion, and is barred by statute and by the limitation of the period fixed by the court for the presentation of claims.

The state demurred on the ground that it is not subject to the "Statute of Limitations", referring to the three-month limitation ordered by the Probate Court, without its consent, which consent was not alleged in the special defense.

The case thus presents a question which we have not heretofore had to decide, namely, whether the Connecticut nonclaim statute, § 45-205, is applicable to the claim asserted against the estate of this decedent by the state, proceeding, in this instance and for the reasons stated, by its agency, the veterans home and hospital commission.

Section 45-205 as amended, effective October 1, 1967 (Public Acts 1967, No. 558 §§ 49, 56), the material part of which is quoted in the footnote,[1]

---

[1] "Sec. 45-205. LIMITATION OF TIME FOR PRESENTING CLAIMS. The court of probate may order executors and administrators to cite the creditors of the deceased whose estate is in settlement before it to bring in their claims against such estate within such time, not more than twelve months nor less than three months, as it limits . . . . If any creditor fails to exhibit his claim within the time limited by such order, he shall be barred of his demand against such estate . . . . The amount of a claim may not be increased after the time for the presentation of such claim has expired."

provides, in substance, that the court of probate may limit to three months the period within which claims against a solvent estate may be presented to the executor or administrator, and that any creditor who fails to exhibit his claim within the period so limited shall be barred of his demand against the estate.

The single claim made in this appeal is that the statute does not bar the state from pursuing the claim made in the present case even though the claim was not presented to the defendant within the three months limited by the Probate Court. The purport of the special defense is that the state's failure to present its claim within the time limited by the Probate Court is a complete bar to the cause of action stated in the complaint. The state attacks the defense on the ground that it is not, without its consent, subject to the "Statute of Limitations" which the defendant relies on. It would avoid § 45-205, which it asserts to be a statute of limitation, on the ground of sovereign immunity. It is conceded that all circumstances calling for the imposition of the bar of the statute exist if, in fact, the state is bound by it in the prosecution of the present action.

"It may be stated we think as a universal rule in the construction of statutes limiting rights, that they are not to be construed to embrace the government or sovereignty unless by express terms or necessary implication such appears to have been the clear intention of the legislature, and the rights of the government are not to be impaired by a statute unless its terms are clear and explicit, and admit of no other construction." *State* v. *Shelton,* 47 Conn. 400, 404; *State* v. *Hartford,* 50 Conn. 89, 90. "The State holds the immunities in this respect belonging

by the English common law to the King." *State* v. *Kilburn,* 81 Conn. 9, 11, 69 A. 1028. What then is the effect of § 45-205 in the light of this principle?

Courts in other jurisdictions have differed on the question whether a nonclaim statute is applicable to a claim by the state against the estate of a decedent. See note, 34 A.L.R.2d 1003, 1005, 1011. A number of jurisdictions which have passed upon claims similar to that in issue here have held the nonclaim statute to be applicable to the state. *Estate of Randall* v. *Colorado State Hospital,* 166 Colo. 1, 441 P.2d 153; *Bahr* v. *Zahm,* 219 Ind. 297, 37 N.E.2d 942; *In re Peers' Estate,* 234 Iowa 403, 12 N.W.2d 894; *In re Dockham Estate,* 108 N.H. 80, 227 A.2d 774; *State* v. *Evans,* 143 Wash. 449, 255 P. 1035; see also *Donnally* v. *Welfare Board,* 200 Md. 534, 92 A.2d 354; *State* v. *Estate of Crocker,* 38 Ala. App. 306, 83 So. 2d 261. Decisions to the contrary are *Territory* v. *Makaaa,* 43 Hawaii 237, and *In re Will of Bogert,* 64 N.M. 438, 329 P.2d 1023. Other contrary decisions, which turn either on tax claims and the provisions of tax statutes, such as *In re Estate of Adams,* 224 Wis. 237, 272 N.W. 19, *Ray* v. *State,* 123 Colo. 144, 226 P.2d 804, and *Liebhardt* v. *Department of Revenue,* 123 Colo. 369, 229 P.2d 655, or on the ground that the state's claim did not arise out of contract and, therefore, was not governed by the provisions of the applicable nonclaim statute, such as *State ex rel. Conway* v. *Glenn,* 60 Ariz. 22, 131 P.2d 363, and *County of Los Angeles* v. *Security First National Bank,* 84 Cal. App. 2d 575, 191 P.2d 78, are not guides to our present problem. Our examination of the cases from other jurisdictions, however, leads us to the belief that the weight of authority in other jurisdictions is that nonclaim statutes are generally applicable to claims made by the state.

Nevertheless, our concern is with the effect of our own statute, § 45-205, on the claim made here.

It is settled law that § 45-205 is not a statute of limitation but, instead, imposes a condition precedent to a legal recovery against a solvent estate. *Grant* v. *Grant,* 63 Conn. 530, 546, 29 A. 15. In an action on a claim, the due presentation of the claim is a necessary allegation in the complaint and, lacking such allegation, the complaint is demurrable. *Duvall* v. *Birden,* 124 Conn. 43, 48–49, 198 A. 255; *Lewisohn* v. *Stoddard,* 78 Conn. 575, 595, 63 A. 621; *Grant* v. *Grant,* supra; 2 Locke & Kohn, Conn. Probate Practice § 520; see *Freda* v. *Smith,* 142 Conn. 126, 132, 111 A.2d 679; *Costello* v. *Costello,* 134 Conn. 536, 538, 59 A.2d 520. The purpose of the statute is to enable the administrator to perform his duties by assuring that he is informed as to what claims there are which must be paid out of the estate and allowing him the opportunity to pass on them. *Padula* v. *Padula,* 138 Conn. 102, 107, 82 A.2d 362; *Duvall* v. *Birden,* supra. Its meaning is that if a creditor fails to present his claim within the time limited, and no extension of time is granted, that omission is an effectual bar to any further demand against the estate. *Raymond* v. *Bailey,* 98 Conn. 201, 210, 118 A. 915; *Beard's Appeal,* 78 Conn. 481, 483, 62 A. 704; *Grant* v. *Grant,* supra. Thus, the statute imposes a condition precedent to the enforcement of a right of action, the nonfulfilment of which extinguishes the right of action, in contrast to a statute of limitation which merely bars the remedy and is to be pleaded as a special defense. Practice Book § 120; *Jakiela* v. *Ellison,* 114 Conn. 731, 732, 159 A. 657.

The distinction between a nonclaim statute and a statute of limitation is made clear in *Robbins* v.

*Coffing,* 52 Conn. 118, 141, where this court said, in construing the predecessor of what is now § 45-210 relating to suits brought on disallowed claims, that the statute "contains a special limitation—not to prevent the litigation of stale claims, but to facilitate the speedy settlement of estates. Each statute has its own sphere of operation and is independent of the other."

The "sphere of operation" of the nonclaim statute is to expedite the orderly and exact settlement of estates. Section 45-205 empowers the court of probate to "order executors and administrators to cite the creditors of the deceased . . . to bring in their claims against such estate" within the time ordered. If "any creditor" fails to do so he is "barred of his demand" against the estate. The clear purpose is one for the general good, to avoid the indefinite postponement of the settlement of estates to the detriment of the rightful beneficiaries, a purpose to which government as well as any other creditor should be required to adhere.

This court has recognized the principle that a subdivision of the state, acting within its delegated governmental capacity, is not impliedly bound by the ordinary statute of limitations. *New Haven* v. *Torrington,* 132 Conn. 194, 204, 43 A.2d 455; *Bridgeport* v. *Schwarz Bros. Co.,* 131 Conn. 50, 54, 37 A.2d 693. With respect to the nonclaim statute, however, this court has held that a demand by a subdivision of the state which came within the definition of a claim against an estate was governed by this statute and, when not presented within the time limited by the court of probate, was barred. *Sherwood* v. *Bridgeport,* 123 Conn. 348, 353, 195 A. 744.

We conclude that the failure of the state to present its claim pursuant to § 45-205 barred it from re-

covery in this action and that the trial court properly overruled the demurrer to the defendant's special defense. The reasons given by the court for that correct result are immaterial.

There is no error.

In this opinion the other judges concurred.