STATE OF CONNECTICUT *v.* J. RONALD REGNIER, ADMINISTRATOR D.B.N., C.T.A. (ESTATE OF CHARLES W. BLANKENBURG)

SUPERIOR COURT      HARTFORD COUNTY      FILE NO. 195389

Memorandum filed June 4, 1975

*Carl R. Ajello,* attorney general, and *F. Michael Ahern* and *David J. Della-Bitta,* assistant attorneys general, for the plaintiff.

*Regnier, Moller & Taylor,* for the defendant.

McCARTHY, J. The state brings this action to contest disallowance of a claim against the decedent's estate disallowed on May 14, 1973. That writ was served April 8, 1975, and the defendant demurs

to the complaint on the ground that "[t]he plaintiff has failed to initiate the action within the statutory time period," which is four months after disallowance. General Statutes § 45-210.

Generally, the sovereign is not subject to statutes of limitation. *State* v. *Goldfarb,* 160 Conn. 320, 323. The state, however, is bound by the nonclaim statute, § 45-205 of the General Statutes. *Goldfarb,* supra, 326. While that section's operation differs from that of § 45-210, in issue here, their purposes are similar, both designed to "facilitate the speedy settlement of estates." *Goldfarb,* supra; *Robbins* v. *Coffing,* 52 Conn. 118, 141. The sovereign should abide by the statute, "to avoid the indefinite postponement of the settlement of estates to the detriment of the rightful beneficiaries, a purpose to which government as well as any other creditor should be required to adhere." *Goldfarb,* supra.

Accordingly, the demurrer is sustained.