[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is truly one of the saddest cases that this court has been called upon to decide in its nearly eighteen years on the bench. A story of a loving family probably splintered forever, perhaps by only one or two members of that family. This court feels confident that the two deceased, loving brothers would be totally ashamed and angry at the actions of one or more of their children.
The LaMonica family was as close as a family can get. Not only were the LaMonica brothers, David and John, business partners. They actually lived in the same house together with their families. They married sisters. (The plaintiff and defendant here.) They all shared dinner together every night for decades. They must have all presumed that their family love and unity would bless their children and grandchildren forever. Such was not to be the case. An agreement by both brothers with regard to what should happen to the proceeds of two small life insurances they had on each CT Page 11713 other was eventually broken. It was broken perhaps unwittingly by the named defendant, but certainly most wittingly by her seemingly take charge daughter.
The plaintiff, Attillia LaMonica, is the executrix of the estate of David LaMonica. The defendant was the administratrix of the estate of John LaMonica and the beneficiary of his estate. David and John LaMonica purchased life insurance in the 1970's, naming each other as beneficiaries. It is alleged that David and John LaMonica agreed that the beneficiary under each policy would, upon death of one of the parties, use the insurance proceeds to pay the funeral expenses of the deceased and pay the remainder to the widow of the deceased. The court finds that this agreement existed.
The court bases its conclusion upon the credible testimony of the plaintiffs' witnesses and the clear evidence including physical evidence, that David LaMonica followed the agreement to the letter, paid for his brother's funeral and remitted the remainder to his brother's widow, the defendant. Upon the death of David, there was no such honorable follow through on the agreement by the defendant or her daughter.
The equities in this case are clearly on the side of the plaintiffs. Much of the law is also clearly on the side of the plaintiffs. Unfortunately, there is a major stumbling block in the law. Because the plaintiff failed to present her claim to the Estate of John LaMonica pursuant to General Statutes § 45a-395, the defendant's motion to dismiss for failure to make out a prima facie case must be, and is, reluctantly, granted by the court.
The defendant had filed his motion to dismiss for failure to make out a prima facie case on June 7, 2000, following the plaintiff's presentation of her case to this court. The defendant makes her motion on the ground that the plaintiff failed to allege or proffer evidence that she presented a claim to the Estate of John LaMonica (defendant), pursuant to § 45a-395, within four months of John LaMonica's death in 1985. The defendant also alleges that General Statutes § 45a-402
requires that an action such as this be commenced within four months of when the fiduciary provided written notice of the disallowance of the plaintiff's claim.
In response, the plaintiff essentially states that the defendants' claim should instead have been raised as a special defense. Additionally, the plaintiff alleges that her claim is against the defendant as the beneficiary and recipient of the insurance policy proceeds, not the Estate of John LaMonica and is not, therefore, subject to the presentation requirement. CT Page 11714
Section 45a-395 is referred to as the statute of nonclaim and applies to claims against decedents' estates for decedents dying prior to October 1, 1987. It states: "[t]he Court of Probate may order the citation of the creditors of the deceased whose estate is in settlement before it to bring in their claims against such estate within such time, not more than twelve months nor less than three months, from the date of such order, as it limits, by publishing a notice to that effect in a newspaper having circulation in the probate district in which such estate is in settlement and by such further notice as the court deems necessary." General Statutes § 45a-395(a). "If any creditor fails to exhibit his claim to the fiduciary or his attorney as directed in such order, within the time limited by such order, he shall be barred of his demand against such estate; but, when a right of action accrues after the time limited for the presentation of claims, it shall be exhibited within four months after such right of action accrues and shall be paid out of the estate remaining after the payment of the debts exhibited within the time limited." General Statutes § 45a-395(b). "The purpose of the statute is to inform an administrator or executor of what claims may have to be paid out of the estate, . . . and thereby to permit the speedy settlement of estates." Breen v. Phelps, 186 Conn. 86, 101, 439 A.2d 1066 (1982); see also 2 W. Locke P. Kohn, Connecticut Probate Practice (1951) § 468, p. 492-93. "The statute of nonclaim is not one for the security and benefit of executors and administrators, but rather is for the security and benefit of the estates they represent." 2 W. Locke P. Kohn, supra, p. 493.
Claims to recover specific property are exempt from the presentation requirement. "A claim for specific property in the hands of the administrator is deemed to be a claim against the administrator but not against the estate; for such property, though in the hands of the administrator, is not part of the estate and the claim for it is not a debt of the estate."[1] 2 W. Locke P. Kohn, supra, § 474, p. 504; see also Breen v. Phelps, supra, 186 Conn. 103 (holding that the plaintiff's claim was subject to nonclaim statute where plaintiff was unable to identify particular securities purchased with her funds). "The distinction between those two [types] of cases is clear. Those cases . . . which hold that the presentation of a claim is essential involve claims which are the personal obligation of the decedent. In those cases in which the cause of action is for the recovery of or the determination of interests in specific property and therefore is at least quasi in rem and not in personam, it is not an essential prerequisite that a claim be presented." Padula v. Padula, 138 Conn. 102, 107, 82 A.2d 362 (1951). "The reason for this is that the probate jurisdiction is concerned with the devolution at death of the property of the deceased, but is not concerned with the settlement of conflicting claims of title between the estate and CT Page 11715 third persons." 2 W. Locke P. Kohn, supra, p. 503.
In the present case. the alleged debt is in the nature of insurance proceeds, i.e., money. The payment of the proceeds stems from a personal obligation of the decedent, John LaMonica. The plaintiff, then, is not seeking to recover specific or identifiable property in possession of the administrator. Accordingly, plaintiff's claim is not excepted from the presentation requirement on this basis.
Contingent or after-accruing claims are also exempt from the presentation requirement. Such claims are exempt from the presentation requirement because they either do not exist or are insufficiently definite or appreciable "to be capable of a just and legal adjudication. . . ." Breen v. Phelps, supra, 186 Conn. 103. "Where the liability of the deceased is not absolute but is dependent upon the happening of some future event which may never happen, the claim does not `arise' until that event happens. This situation is to be distinguished from the case of a demand payable at a future time." 2 W. Locke P. Kohn, supra, § 476, p. 508-09. [Section 45a-395] uses the term "claim" broadly and encompasses both debts that are immediately due and payable but also unmatured debts, "for these are nevertheless existing obligations and capable of proof." Breen v. Phelps, supra, 1012, citing Rot v. Ravich,111 Conn. 649, 652, 151 A. 179 (1930).
The debt alleged by the plaintiff in the present case was not payable until the death of David LaMonica, a date uncertain. Nevertheless, the debt was absolute because death is an inevitable occurrence. Accordingly, the alleged debt was a demand payable at a future time rather than a contingent debt that would be excepted from the presentation requirement.
Section 15-8 of the Rules of Practice states: "[i]f, on the trial of any issue of fact in a civil action tried to the court, the plaintiff has produced evidence and rested his or her cause, the defendant may move for judgment of dismissal, and the judicial authority may grant such motion, if in its opinion the plaintiff has failed to make out a prima facie case . . .
"The precise question, therefore, arises . . . whether the plaintiff in its testimony in chief had produced sufficient evidence of presentation to constitute a prima facie case." Grant v. Grant, 63 Conn. 530, 547, A. 15 (1893) (requiring that the plaintiff, on remand, present a claim against the estate before an action is brought); see also Brown Brothers v. Brown, 56 Conn. 249, 252-53, 14 A. 718 (1888). Here, the plaintiff has not proffered evidence or even alleged that she ever presented her claim to the administratrix of the Estate of John LaMonica. CT Page 11716 Thus, the plaintiff failed to make out a prima facie case.
"It is settled law that 45-2065 [now 45a-395] is not a statute of limitation but, instead, imposes a condition precedent to a legal recovery against a solvent estate." State v. Goldfarb, 160 Conn. 320,325, 278 A.2d 818 (1971). "Thus, the statute imposes a condition precedent to the enforcement of a right of action, the nonfulfillment of which extinguishes the right of action, in contrast to a statute of limitation which merely bars the remedy and is to be pleaded as a special defense."[2] Id.
Accordingly, the defendant's motion to dismiss the plaintiff's claim following the plaintiff's presentation of evidence was not improper since failure to offer evidence that the plaintiff presented a claim constituted a failure to make out a prima facie case. Additionally, because failure to comply with the requirements of § 45a-395
extinguished the plaintiff's right of action, it need not have been raised as a special defense.
The plaintiff further contends that her claim is against the defendant as beneficiary and recipient of the insurance policy proceeds rather than the Estate of John LaMonica. As to the first appearing defendant, Guerina LaMonica as administratrix of the Estate of John LaMonica, because the present action is not a claim for specific property, any cause of action that the plaintiff has is actually against the estate of John LaMonica. See 2 W. Locke P. Kohn, supra, § 474, p. 504. For this reason, the failure to present a claim pursuant to § 45a-395 bars such a claim.
As to the second appearing defendant, Guerina LaMonica as beneficiary of the Estate of John LaMonica, that failure to comply with § 45a-395
also bars action against beneficiaries. Where a party asserting an antemortem claim fails to pursue such claim against the estate within the time allowed by § 45a-395, that party may not later pursue its claim by instead instituting an action against a devisee. See Cone v. Dunham, supra, 59 Conn. 161 ("the failure to exhibit a claim within the time limited by the court of probate for the presentation of claims against a deceased person's estate, forever debars the demand"); see also Conn. Joint Standing Committee Hearings, Judiciary, Pt. 6, 1987 Sess., pp. 1851-52 ("if they didn't present their claim within [the prescribed period of time] they were forever barred from asserting that claim"); 2 W. Locke P. Kohn, supra, § 469, p. 493 ("the bar is absolute and unconditional and applies regardless of the circumstances or conditional and applies regardless of the circumstances or condition of the parties affected"). Moreover, to allow such an action would undercut the purpose of § 45a-395, the expeditious settlement of estates.[3]
CT Page 11717
No judgment of this court will ever heal the wounds that one or two members of the LaMonica family are inflicting on themselves. These wounds will invariably continue and be passed down from generation to generation. A Higher Court than this one may someday pass another judgment in a different venue.
The defendants should not be told they have won the case. They lost the case in every area except one legal technicality.
BY THE COURT
GILL, J.