SARGENT AND COMPANY *vs.* THEODORE A. TUTTLE, COL-
LECTOR.

Third Judicial District, Bridgeport, October Term, 1895.   ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

The law is well settled that an assessment upon property specially benefited
   by a local improvement, is a tax.
Unless imposed by statute a tax carries no interest directly, nor indirectly
   by way of penalty for its non-payment.
The city of New Haven had no power in 1873, either by charter or by public
   statute, nor has it since had the power, to collect interest on an assess-
   ment for special benefits on account of a local public improvement;
   notwithstanding an ordinance of the city, existing in 1873, provided for
   the payment of interest where liens for such assessment had been duly
   filed.  Such assessment, although a tax, is not an ordinary tax within
   the meaning of that term as used in the provisions of the General
   Statutes (Revision of 1866, Title 64, Chap. 2), which authorized the
   collection of interest on unpaid taxes.
Section 2704 of the General Statutes, passed in 1883, concerning municipal
   assessments of benefits for public improvement, provides that " neither
   the principal of such assessment nor any interest thereon shall be col-
   lectible" until the work is completed and that fact recorded.  *Held*
   that while this statute recognized by implication the right to collect
   interest in certain cases, it did not create such right, but rather lim-
   ited and restrained it in the instances where it already had been con-
   ferred and still existed.

[Argued October 22d—decided December 16th, 1895.]

ACTION to have certain liens on real estate adjudged in-
valid, and to recover damages for failure to discharge the
same on demand; brought to the Superior Court in New
Haven County and reserved by that court, *Prentice, J.*, upon
the facts found, for the advice of this court.   *Judgment ad-
vised for plaintiff.*

The case is sufficiently stated in the opinion.

*John K. Beach*, for the plaintiff.

I. The judgment of the Superior Court is conclusive of all
existing demands for interest arising out of the assessments,
prior to the judgment.   The jurisdiction of the Superior
Court was not limited to determining the legality of the

assessments, but extended to an equitable settlement of the whole dispute. It follows that the rights of the parties are not to be tested by the original assessments of 1873, but by the judgment of the Superior Court, dated November 29th, 1892. So regarded, the case is plain. The city was bound to disclose its whole claim, and the judgment is conclusive of everything which ought to have been litigated. *Clapp* v. *Hartford*, 25 Conn., 220; *Sargent & Co.* v. *N. H. Steamboat Co.*, 65 id., 116.

II. Interest does not run in general, upon taxes and assessments. *Camden* v. *Allen*, 2 Dutcher, (N. J.) 398; *Shaw* v. *Peckett*, 26 Vt., 482; *Belvidere* v. *Warren R. R. Co.*, 5 Vroom (N. J.), 193; *Brennert* v. *Farrier*, 18 id., 75; *Eaton Bank* v. *Commonwealth*, 10 Barr (Penn.), 452; *Commonwealth* v. *The Standard Oil Co.*, 101 Pa. St., 149; *People* v. *The New York Gold and Stock Telegraph Co.*, 98 N. Y., 67; *Danforth* v. *Williams*, 9 Mass., 324; *Lane County* v. *Oregon*, 7 Wall., 71; *Merriwether* v. *Garrett*, 102 U. S., 513. The foregoing authorities not only establish the proposition that a tax, including an assessment of special benefits within that term, is not an interest-bearing obligation, but they also point out the reason for the rule.

An assessment is a tax. *Nichols* v. *Bridgeport*, 23 Conn., 189, 207; *R. R. Co.* v. *Bridgeport*, 36 Conn., 255. The latter case simply decides that the word " tax " as used in General Statutes, refers to general taxation, and does not include assessments which are special and local taxes. The right to collect assessments is not a consequence of the benefit conferred. It is an exercise of the power of taxation, and the existence of a benefit is simply the touchstone by which the class to be taxed is identified.

The charter and by-laws of the city of New Haven do not provide for the exaction of interest on assessments appealed, during the pendency of the appeal. The only provisions of the by-laws of New Haven relating to the collection of assessments which made any reference whatsoever to interest, are §§ 13 and 14 of the by-laws of 1870. If the assessments in question did not become " payable " until finally deter-

mined by the Superior Court, then the liens in question,
which were filed during the pendency of the appeal, were
without authority of the by-laws. By the plain language of
§ 10 of the by-laws relating to assessments, page 97 of the
edition of 1870, the assessments appealed from are not paya-
ble until finally determined by the Superior Court. In read-
ing this section it is to be noted that the by-laws of the city
of New Haven make a sharp distinction between assessments
unappealed, and assessments appealed from. It is very doubt-
ful, however, whether the city, under its charter, had the
right to enact any by-law imposing interest on assessments
for public improvements.

*William H. Ely*, for the defendant.

I. The laying of this assessment is not a tax, in the usual
acceptance of the term, but is an assessment for a local and
special benefit to private property ; while a tax is an assess-
ment for a public or general use, in which the payee has no
direct or immediate interest. *Buffalo City Cemetery*, v.
*Buffalo*, 46 N. Y., 506 ; *Bridgeport* v. *R. R. Co.*, 36 Conn.,
255. In this case the city has expended money for the
benefit of plaintiff's property, and has increased its value.

II. The plaintiff has had the sole benefit of this expenditure
and increased value, but declines to pay the interest, although
he has had in addition to the benefit of the expenditure on
the part of the city, the use of the money which he should
have paid in 1873. *Haverhill Bridge Proprs.* v. *County Com-
missioners*, 103 Mass., 128 ; *People* v. *Myers*, 138 N. Y. 590.
There are decisions in New Jersey which it is claimed are
opposed to the claim of New Haven ; but they proceed on the
theory that assessments for sewers and local improvements
are taxes, and are a construction of Special Acts, rather than
decisions on the principles involved in this case. Every
theory on which interest can be allowed in any case argues
in favor of the allowance of interest from the date the lien
was filed, if not from the day the assessment became payable
by order of the Common Council. "Interest is given on
money demands as damages for delay in payment, being just

compensation to the plaintiff for a default on the part of his debtor." *Redfield* v. *Iron Company*, 110 U. S., 176. The assessment was legally made after a full hearing by the proper tribunal, and should have the same effect and be governed by the rules governing judgments, so far as interest is concerned. *Strusburgh* v. *Mayor of New York*, 45, N. Y. Superior Court, 508.

TORRANCE, J. This is an action under § 3040 of the General Statutes, to have certain liens upon real estate adjudged invalid. The case comes to this court by reservation upon a statement of facts, of which the following is the substance :—

Prior to December 13th, 1873, four assessments of benefits, amounting in all to nearly $2,000, were laid under the charter of the city of New Haven, against certain real estate of the plaintiff in said city, on account of the construction of a public sewer. These assessments were legally laid, and would, if unappealed from, have become payable on December 13th, 1873; but prior to that day the plaintiff, under the charter, took an appeal from said assessments to the Superior Court. On February 11th, 1874, and while said appeal was pending, four certificates of lien, on account of said assessments against said real estate, were filed in the town clerk's office in New Haven, for the purpose of continuing the liens upon said real estate, under § 37 of the then city charter. Said appeal was finally determined in the Superior Court on the 29th of November, 1892, and the assessments in question were by that tribunal confirmed, with costs against the present plaintiff. Afterwards, in March 1893, the plaintiff paid to the proper officer of said city, the amount of the four assessments, with interest only from November 29th, 1892, which amount was tendered and received without prejudice to the rights of either party. On receipt of this money the defendant discharged two of the liens, but refused and still refuses to discharge the other two. This refusal was and is based on the claim that the assessments in question carried interest, either from Decem-

ber 13th, 1873, or at least from the time the certificates of lien were filed in 1874. If this claim is correct, the defendant is justified in his refusal to discharge the liens. On the other hand the plaintiff claims that interest was due only from the date of the final determination of the appeal in the Superior Court in 1892; and if this claim is correct, it is found that the plaintiff " tendered to the tax collector all that was due on said assessments on March 23rd, 1893. " If, then, the plaintiff's claim is correct, judgment must be advised for it; otherwise for the defendant.

Passing the first point made in the plaintiff's brief, his claim is based upon three propositions: first, that these assessments were really taxes; second, that as taxes, interest as such, or by way of penalty upon them, cannot be collected, unless the power to do so is conferred by law; and third, that no such power was so conferred upon any one with reference to the assessments in question. If these propositions are true, and we think they are, the plaintiff's claim must be sustained.

That assessments, like those in question here, upon specific property specially benefited by a local public improvement, for the purpose of paying the expense of that improvement, are taxes, is too well settled to require extended argument. Such assessments are enforced proportional contributions of a somewhat special kind, made *in invitum*, by virtue of legislative authority conferred upon the municipality for that purpose, upon such terms and conditions as the legislature within constitutional limits sees fit to impose. The power thus conferred is essentially a power to tax; its exercise in the manner prescribed is a mode of taxation; and the sums raised by such exercise are taxes, and are always treated as such. Such assessments are not liable to set-off, nor attachment, as debts; and they can be collected summarily by the tax collector, in like manner as ordinary taxes, if the legislature sees fit to authorize such method, without the aid of courts and without the delay incident thereto. Assessments of benefits caused by the layout or alteration of highways may, by statute, " be collected in the same manner as town taxes are

collected"; General Statutes, § 2705; and the assessments of benefits under the charter of New Haven, like those in question, were treated by the legislature as taxes, and were made collectible by the tax collector in the same manner as any other tax. Charter of 1869, § 50. It is true, provision is also made in the charter for collecting such assessments by proceedings in the nature of a foreclosure of a tax lien; but this does not alter the nature of the sum to be collected; the proceeding by way of foreclosure was in effect only another method which the tax collector was authorized to employ to collect the tax. But the decision of this court in *Nichols* v. *Bridgeport*, 23 Conn., 189, approved in *Bridgeport* v. *R. R. Co.*, 36 id., 255, is so conclusive upon this first point in favor of the plaintiff, as to render unnecessary further argument or citation of authority.

The second proposition, to the effect that a tax carries no interest as such, nor by way of penalty for non-payment, unless the law so provides, is, we also think, a correct statement of the law. Most of the cases in which interest may be recovered under our law, in the absence of any statute regulating the matter, are enumerated in *Selleck* v. *French*, 1 Conn., 32, and clearly assessments of this kind do not come within any of the classes of cases there enumerated. It will, we think, also be found true that whenever taxes have carried interest, either as such, or by way of penalty, it has been by virtue of some statutory provision to that effect. And this is as it should be. At best a tax is a burden, a necessary one it is true, but none the less a burden, imposed on the taxpayer without reference to his consent; and it seems reasonable to hold that any increase of that burden by way of penalty or otherwise, should be expressly made by the power which imposes it; and that until the legislative will to increase the burden by the addition of interest has been clearly expressed, interest should not be allowed. This conclusion, which on principle seems reasonable, is supported more or less strongly by the following authorities: *City of Camden* v. *Allen*, 26 N. J. L., 398; *Town of Belvidere* v. *R. R. Co.*, 5 Vr., 193; *Brennert* v. *Farrier*, 47 N. J. L., 75;

*Danforth* v. *Williams*, 9 Mass., 324; *Shaw* v. *Peckett*, 26 Vt., 482; *Perry* v. *Washburn*, 20 Cal., 318; *People* v. *Gold and Stock Tel. Co.*, 98 N. Y., 67 ; *Western Union Tel. Co.* v. *State*, 55 Tex., 314; Cooley on Taxation, 300, note 4.

We think the above rule thus applied in the case of taxes as ordinarily laid, is applicable to the kind of taxes here in question ; and that unless some public statute, or the city charter, expressly or by clear implication, authorized the collection of interest as claimed by the defendant upon the assessments in question, it was not collectible.

The remaining question then, is whether such authority was conferred upon any one, either by some public statute or by the city charter.

At the time these assessments were made in 1873, and ever since, interest was and has been collectible on overdue ordinary taxes in New Haven, under the provisions contained in Title 64, Chap. 2 of the General Statutes of 1866, which are still in force in that city (see General Statutes, 1875, p. 552 ; Charter of 1869, § 50 ; Charter of 1881, § 14; and Charter of 1890, § 14) ; but it is not claimed, nor can it reasonably be claimed, that the aforesaid provisions are applicable to the assessments here in question; for those provisions clearly relate solely and only to ordinary taxes laid in the ordinary way by the city or town of New Haven, or school districts therein ; and although we hold an assessment of benefits to be a, tax, it is clearly not a tax of the kind specified in those provisions.

Section 2704 of the General Statutes (1888) provides that when assessments of benefits shall be laid by any municipality upon property specially benefited by any public work or improvement, and a certificate of lien therefor has been filed, " neither the principal of such assessment nor any *interest* thereon shall be collectible by such municipality," until the work is completed and the fact of such completion duly recorded.

It may be said that this statute recognizes, by implication at least, the right to collect interest upon such assessments where a lien has been filed ; and with proper limitations this

may be conceded; for we think it does recognize such right, but only in cases where the right already exists; it does not create, nor was it intended to create, such right. That statute was passed in 1883, ten years after these assessments were made, and its plain and obvious purpose was, not to confer power to collect interest on such assessments where it did not already exist, but to prevent municipalities from collecting any part of the assessed benefits, until such benefits had been conferred by the completion of the public work.

We have failed to find any other public statute relating to this matter; and perhaps we ought to say that counsel for defendant did not claim that there was any such public statute, but rested his contention solely upon the provisions of the city charter.

After a somewhat careful examination of the charter of 1869 (the one in force in 1873), and of the charters of 1881 and 1890, we can find no power conferred, either expressly or by fair implication, to collect the interest here claimed by the defendant. In short we know of no statute, public or private, which conferred this power with reference to these assessments. It is true, that a by-law of the city, existing in 1873, and in substantially the same form ever since, provides for the payment of interest upon liens of this kind from the date of the certificate of lien; but no provision in the charter has been found, or pointed out to us, which gave the Common Council power to make a by-law exacting interest in such a case; and in the absence of such provision, the by-law can, in this respect, have no force; and indeed upon the argument counsel for the defendant made no claim under the by-law.

For the reasons given we think the defendant was not entitled to interest upon these assessments for the period between the dates of the certificates of lien and November 29th, 1892, and that the claim of the plaintiff upon this point must be sustained.

The plaintiff also claimed that, even assuming that interest was collectible by law upon assessments unappealed from after they became payable under the provisions of the char-

ter and by-laws of the city, the appealed assessments here in question did not, under those provisions, become due and payable till November 29th, 1892.   In the view already taken of this case, we deem it unnecessary to consider or decide the questions involved in this claim.

The Superior Court is advised to render judgment for the plaintiff.

In this opinion the other judges concurred.