CITY OF BRIDGEPORT *v.* THE SCHWARZ BROTHERS COMPANY.

MALTBIE, C. J., BROWN, JENNINGS, DICKENSON and WYNNE, Js.

Argued April 4—decided May 17, 1944.

*John V. Donnelly,* with whom, on the brief, was *Harry Schwartz,* for the appellant (plaintiff).

*Israel J. Cohn,* with whom, on the brief, were *William Cohn* and *Milton L. Cohn,* for the appellee (defendant).

BROWN, J.  The allegations in the plaintiff's complaint may be summarized as follows: The defendant owned land with a frontage of fifty feet on a street in Bridgeport; March 3, 1930, the plaintiff's common council accepted the report of its board of appraisal of benefits and damages determining the benefits to the defendant as owner of this land by reason of the construction of a storm water sewer to be $37.50; March 6, 1930, this acceptance was approved by the mayor; due notice of the assessment of these benefits was given as called for by the city charter; by virtue of the foregoing an assessment in the amount of $37.50 was legally levied against the defendant, became due and payable to the tax collector of the city, is still unpaid, and is owed by the defendant to the city.  All of these allegations were admitted by the defendant's answer except that the defendant owed this $37.50 to the plaintiff which was denied.  The answer further set up, as a special defense, that the assessment alleged became due and payable March 11, 1930, and therefore the right of action for the cause stated did not accrue within six years next before the commencement of this action.  The allegations of this spe-

cial defense were admitted by the plaintiff's amended reply. The court rendered judgment for the defendant on the ground that the plaintiff's cause of action was barred by the Statute of Limitations (§ 6005 of the General Statutes), having been brought more than six years after the debt accrued. The issue raised by the plaintiff's appeal is whether the court erred in holding that § 6005 constitutes a bar to the plaintiff's recovery.

No question is raised as to the propriety of the cause of action alleged in the complaint for recovery of the amount claimed as a debt. In arriving at its judgment, however, the court concluded that this assessment, conferring special benefits, was not a tax in the general acceptance of the term and that the plaintiff, having relied upon an action in debt, must be subject to the legal defense of the Statute of Limitations, that is, § 6005. The pertinent provision of this statute reads: "No action for an account, or for a debt due . . . on any simple or implied contract . . . shall be brought but within six years next after the right of action shall accrue. . . ." It is manifest from the language of the statute that "implied contract" is the only expression within its terms which could fairly be claimed applicable to such an obligation. Accordingly, the defendant's contention is that this is a debt which arose out of an implied contract. The claim of the plaintiff is that the obligation is one arising solely by virtue of an exercise of the state's taxing power delegated to it as a municipality. The precise question for determination then is whether this action to recover an assessment of special benefits is an action on an implied contract.

The steps taken by the plaintiff, as set forth in the complaint, pursuant to which this assessment became due and payable from the defendants, comprise the

usual procedure utilized in such an exercise of the taxing power by a municipality. It may further be noted that consent by the owner of the land assessed is not involved and that in assessing benefits the board and the council act as courts of exclusive jurisdiction whose judgments are conclusive unless set aside upon appeal taken as provided. It is clear "that such an assessment of benefits is an exercise of the taxing power, and, in a general sense, a tax." *Bridgeport* v. *New York, N. H. & H. R. Co.,* 36 Conn. 255, 262; *Nichols* v. *Bridgeport,* 23 Conn. 187, 207; *New London* v. *Miller,* 60 Conn. 112, 116, 22 Atl. 499; *Whitmore* v. *Hartford,* 96 Conn. 511, 523, 114 Atl. 686; 5 McQuillin, Municipal Corporations (2d Ed.), § 2165; 4 Dillon, Municipal Corporations (5th Ed.), p. 2496; 1 Cooley, Taxation (4th Ed.), § 31. "That assessments, like those in question here, upon specific property specially benefited by a local public improvement, for the purpose of paying the expense of that improvement, are taxes, is too well settled to require extended argument. Such assessments are enforced proportional contributions of a somewhat special kind, made *in invitum,* by virtue of legislative authority conferred upon the municipality for that purpose, upon such terms and conditions as the legislature within constitutional limits sees fit to impose. The power thus conferred is essentially a power to tax; its exercise in the manner prescribed is a mode of taxation; and the sums raised by such exercise are taxes, and are always treated as such." *Sargent & Co.* v. *Tuttle,* 67 Conn. 162, 166, 34 Atl. 1028.

Therefore, the plaintiff's action was one to recover on an obligation arising from an exercise of the taxing power and not out of implied contract. Here, as in case of an action on a judgment, statutes of limitation pertaining to contract actions do not apply. See *Bar-*

*ber v. International Co.,* 74 Conn. 652, 656, 51 Atl. 857. Accordingly, the Statute of Limitations, § 6005, did not apply here, and the court erred in rendering judgment for the defendant on the ground that it constituted a valid defense. This conclusion is in accord with that reached in similar cases in other jurisdictions. *Dickinson* v. *Trenton,* 35 N.J.Eq. 416, 418; *Magee* v. *Commonwealth,* 46 Pa. 358, 365. It is also fortified by the principle that, as respects public rights, a municipality acting in its delegated governmental capacity is not impliedly within ordinary limitation statutes. 3 Dillon, op. cit., p. 1902, note 1; 1 Wood, Limitation of Actions (4th Ed.), p. 173; *Stanley* v. *Schwalby,* 147 U. S. 508, 512, 517, 13 Sup. Ct. 418. Section 270g of the 1943 Supplement to the General Statutes, effective by way of amendment to § 169f of the 1941 Supplement to render a fifteen-year limitation applicable to any valid assessment of benefits, having been adopted subsequent to the trial court's decision, is not material in the determination of this appeal.

There is error, the judgment is set aside and the case is remanded with direction to enter judgment for the plaintiff to recover such amount as the trial court shall find to be due.

In this opinion the other judges concurred.