DEPARTMENT OF TRANSPORTATION, STATE OF
CONNECTICUT *v.* JOHN M. CANEVARI ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1168

Argued January 26 – decided March 5, 1982

*John J. Bogdanski,* for the appellants (defendants).

*James M. Ullman,* for the appellee (plaintiff).

PER CURIAM. The plaintiff Connecticut Department of Transportation (hereinafter DOT) brought suit to recover damages which resulted when a motor vehicle operated by the defendant Canevari collided with a pole owned by the plaintiff. To their answer, the defendants appended a special defense that the statute of limitations contained in General Statutes § 52-584 barred the plaintiff's negligence action. The plaintiff moved to strike the special defense, claiming that the two-year statute of limitations is not applicable against a sovereign. Reasoning that sovereign immunity protected the DOT, as an agent of the state, from any bar imposed by the limitations statute, the trial court granted the plaintiff's motion to strike. Thereafter, the court rendered a stipulated judgment for the plaintiff in the amount of $1169.21.[1]

The defendants have appealed from this judgment contending that the trial court erred in concluding that the statute of limitations does not apply to bar an agent of the state from filing an action after the specified statutory period for bringing suit has expired. The Connecticut Supreme Court has repeatedly stated that, as respects public rights, "a subdivision of the state, acting within its delegated governmental capacity, is not impliedly bound by the ordinary statute of limitations." *State* v. *Goldfarb,* 160 Conn. 320, 326, 278 A.2d 818 (1971); *New Haven* v. *Torrington,* 132 Conn. 194, 204, 43 A.2d 455 (1945);

---

[1] The stipulation for judgment provided "that judgment may be entered for the plaintiff in the amount of One Thousand One Hundred and Sixty-Nine Dollars and Twenty-One Cents ($1169.21). It is further agreed that the action was commenced more than two years from the date of the incident complained of. The plaintiff's rights under its offer of judgment are reserved."

*Bridgeport* v. *Schwarz Bros. Co.,* 131 Conn. 50, 54, 37 A.2d 693 (1944). Accordingly, we sustain the action of the court below.

There is no error.

DALY, COVELLO and F. HENNESSY, Js., participated in this decision.