LORRAINE M. ARONSON, COMMISSIONER OF INCOME MAINTENANCE *v.* PAUL FOOHEY

SUPERIOR COURT  JUDICIAL DISTRICT OF  FILE NO. 373786
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed October 22, 1992

*Heather J. Wilson,* assistant attorney general, with whom was *Richard Blumenthal,* attorney general, for the plaintiff.

*Tarlow, Levy & Droney,* for the defendant.

M. HENNESSEY, J. The plaintiff moves for summary judgment on the ground that the defendant's failure to request a rehearing pursuant to General Statutes § 17-311 (b) precludes the defendant from contesting his liability or the amount of his debt.

On February 15, 1990, the plaintiff, Lorraine Aronson, commissioner of income maintenance, filed a one count complaint against the defendant, Paul Foohey. The plaintiff alleges that the defendant operated a home for the aged, and that recipients of state aid were among those receiving care and services from the defendant's home for the aged. The plaintiff alleges that the defendant submitted cost reports for the care of recipients of state aid, and that the plaintiff relied upon these reports to establish per diem rates of payment for the care of the facility's state aid recipients. The plaintiff alleges that she reimbursed the defendant, on the basis of the per diem rates that were established in reliance upon the defendant's cost reports. The plaintiff alleges that a field audit was conducted, and, that as a result of the audit, the defendant's allowable per diem rates were recomputed to a lower rate. The plaintiff alleges that for the periods for which rate adjustments were required, the defendant received

overpayments from the plaintiff totaling $56,404.88. The plaintiff alleges that she provided the defendant with notice of the debt on February 14, 1984. The plaintiff further alleges that she is entitled to recover overpayments made to the defendant pursuant to § 17-311-53[1] of the Regulations of Connecticut State Agencies.

On April 20, 1990, the defendant filed an answer and the special defenses that a previous payment made by the defendant to the plaintiff on July 27, 1983, constituted an accord and satisfaction of the debt alleged in the plaintiff's complaint, that the plaintiff's complaint is barred by the statute of limitations, that § 17-311-53 of the Regulations of Connecticut State Agencies does not authorize recovery by the plaintiff, and that the plaintiff's cause of action is barred by laches.

On May 9, 1990, the plaintiff filed a reply to special defenses, thereby closing the pleadings.

On June 13, 1991, the plaintiff filed a motion for summary judgment on the ground that the defendant's failure to request a hearing regarding the plaintiff's recomputation of the defendant's allowable per diem rates establishes the defendant's debt as a matter of

---

[1] Section 17-311-53 of the Regulations of Connecticut State Agencies provides in relevant part: "(a) The per diem rate of payment established pursuant to section 17-311-50 et seq. shall be determined by desk review of the submitted annual report which shall subsequently be verified and authenticated by field audit procedures which are approved by the United States Department of Health and Human Services . . . . A recomputation of rate, based upon field audit adjustments or otherwise, shall be made retroactive to the applicable period. Such retroactive recomputation replaces the originally determined annual Medicaid rate. . . .

"(b) Whenever the Commissioner of Income Maintenance renders a rate decision, whether based upon a field audit or otherwise, which decision results in the facility being indebted to the Department of Income Maintenance for past Medicaid overpayments, the department shall recoup said Medicaid overpayments as soon as possible from the department's monthly Medicaid payments to the facility."

law and precludes the defendant from contesting his liability or the amount of his debt. Accompanying the motion for summary judgment are a supporting memorandum of law, the affidavits of F. Emil Fox, chief of the division of money payments of the department of income maintenance, and Ronald Durie, director of rate review and regulations of the department of income maintenance, and supporting documentation.

On September 6, 1991, the defendant filed a memorandum in opposition to the motion for summary judgment. The plaintiff filed supplemental memoranda on January 24, 1992, and March 30, 1992.

"Summary judgment is appropriate when 'the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Practice Book § 384 . . . . The party seeking summary judgment has the burden of showing the nonexistence of any genuinely disputed material facts. . . . The facts presented must be viewed in the light most favorable to the nonmoving party." (Citations omitted.) *Rawling* v. *New Haven,* 206 Conn. 100, 104, 537 A.2d 439 (1988).

The plaintiff argues that the defendant's debt to the plaintiff has become established as a matter of law because the defendant failed to pursue the statutory remedy of a rehearing.

The defendant argues that issues of material fact exist regarding whether a payment made by the defendant constitutes an accord and satisfaction of the debt. The defendant argues further that the plaintiff's cause of action is barred by the statute of limitations.

Section 17-311 (b) provides in relevant part: "Any institution or agency to which payments are to be made under [General Statutes § 17-314, governing payments

to homes for the aged] which is aggrieved by any decision of [the commissioner of income maintenance] may, within ten days after written notice thereof from the commissioner, obtain, by written request to the commissioner, a rehearing *on all items of aggrievement.* Any such items not resolved at such rehearing to the satisfaction of such institution or agency and said commissioner shall be submitted to binding arbitration . . . ." (Emphasis added.)

No Connecticut appellate level cases have addressed the issue of whether the failure to follow the provisions of § 17-311 (b) precludes a party from raising defenses that might have been raised in the § 17-311 (b) rehearing. In *American Medical Nursing Centers, Inc.* v. *Maher,* Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 273739 (August 25, 1982), however, the plaintiff sought the production of documentation that showed that the defendant commissioner of income maintenance had in other instances permitted hearings after the ten day limit set by § 17-311 (b). The court held that such documentation was irrelevant with regard to the issue of whether the failure to comply with the ten day limit precluded the plaintiff from bringing a cause of action against the defendant commissioner. The court stated: "Under the payment procedure in effect for nursing home care providers the commissioner makes monthly payments at an agreed upon rate for state aid cases subject to adjustment up or down following the state's audit of the provider's operating figures. In the instant case the commissioner determined that the state's payment to the plaintiffs for state aid cases in the plaintiffs' facility had to be adjusted downward. Under the statute the provider of nursing care has ten days from the date of notice to such provider to request a hearing. If the hearing is not requested within the ten day period the provider is responsible to the state for the adjustment

called for. The statute sets a time certain within which claims to be disputed are identified following which the commissioner can go about the business of recouping adjustments called for by the state's field audit." Id.

The Supreme Court's decision in *Water Resources Commission* v. *Connecticut Sand & Stone Corporation,* 170 Conn. 27, 364 A.2d 208 (1975), provides further guidance to the court, although it is not precisely on point. In *Water Resources Commission,* the plaintiff commission issued orders to the defendant to abate the pollution the defendant was causing. The water pollution control statutory scheme as then in effect (currently General Statutes § 22a-436), provided that within thirty days from receipt of the orders, the defendant could have requested that the plaintiff hold a hearing with respect to the orders. The defendant, however, failed to request such a hearing. The plaintiff commission sought an injunction from the court restraining the defendant from polluting. At trial, the defendant sought to present evidence in support of its special defenses that it was not polluting. The Supreme Court in *Water Resources Commission,* upheld the trial court's decision that such evidence could not be presented. "[A] request for a hearing before the commission was a statutory condition precedent to the taking of an appeal from the commission's order. The defendant failed to avail itself of such a hearing where it could have presented evidence and preserved a record for consideration of the court on appeal. . . .

"To allow the defendant to present at the hearing on the application for an injunction evidence in support of its special defenses would be contrary to the obvious intent of the General Assembly as expressed in the statute providing for judicial review after administrative fact finding and would render the administrative process meaningless. . . . The defendant at the hearing [on the injunction] was in effect seeking a judicial

decision as to the reasonableness of the commission's order. Proper procedure required the defendant, if it desired to raise the question of reasonableness, to avail itself of the opportunity for an appeal which the statutes provided. 'Having failed to do so, it cannot now be heard to complain about the reasonableness of the order.' " (Citation omitted.) Id., 32–33.

Application of the reasoning of the *Water Resources Commission* decision in the present case leads to the conclusion that the defendant's failure to seek a hearing pursuant to § 17-311 (b) establishes the defendant's debt to the plaintiff as a matter of law. In *Water Resources Commission,* the defendant's failure to seek the statutorily prescribed hearing precluded the defendant from presenting evidence in support of its special defenses or from questioning the reasonableness of the plaintiff's orders. In the present case, the defendant failed to seek the statutorily prescribed rehearing; hence, the defendant is precluded from maintaining special defenses and from contesting the defendant's debt to the plaintiff.

The defendant also argues that the plaintiff's cause of action is barred by the six year statute of limitations of General Statutes § 52-576, because the plaintiff's cause of action accrued on June 30, 1982, the date of the last overpayment, and the defendant was not served until February 9, 1990.

The statute of limitations does not apply to bar a state agency from filing an action after the statutory period for bringing suit has expired. *Department of Transportation* v. *Canevari,* 37 Conn. Sup. 899, 900, 442 A.2d 1358 (1982); see also *Bridgeport* v. *Schwarz Bros. Co.,* 131 Conn. 50, 54, 37 A.2d 693 (1944); *R.A. Civitello Co.* v. *New Haven,* 6 Conn. App. 212, 217, 504 A.2d 542 (1986); *Kundert* v. *Aronson,* Superior Court, judicial district of Fairfield, Docket No. 274645 (Septem-

ber 12, 1991, 5 Conn. L. Rptr. 7, 9). Accordingly, the statute of limitations does not bar the plaintiff's action.

The defendant also argues that the plaintiff's cause of action is barred by the doctrine of laches. The plaintiff counterargues that this doctrine does not operate to bar state agencies from enforcing public rights.

The doctrine of laches may not be invoked against a governmental agency. *Westport* v. *Kellems Co.,* 15 Conn. Sup. 485, 491 (1948); *Burns* v. *Lehigh, Inc.,* Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 342600 (November 21, 1988, 4 C.S.C.R. 34); *Commissioner* v. *DeMilo & Co.,* Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 327671 (June 5, 1987, 2 C.S.C.R. 880). Accordingly, the doctrine of laches does not bar the plaintiff's action.

The defendant argues further that the plaintiff may not recover overpayments through suit because § 17-311-53 (b) of the Regulations of Connecticut State Agencies states that the department of income maintenance "shall recoup said Medicaid overpayments . . . from the department's monthly Medicaid payments to the facility." The plaintiff argues that this method of recoupment is not feasible, because the defendant no longer operates a facility.

"Although the use of the word 'shall' is significant, it does not automatically create a mandatory duty." *Caron* v. *Inland Wetlands & Watercourses Commission,* 25 Conn. App. 61, 66, 592 A.2d 964 (1991), aff'd, 222 Conn. 269, 608 A.2d 1178 (1992). [T]he word 'shall' may have a meaning that is directory rather than mandatory. . . . 'The test to be applied in determining whether a statute is mandatory or directory is whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or convenience. . . . If it is

a matter of substance, the statutory provision is mandatory. . . . If, however, the legislative provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words. . . ." (Citations omitted.) *Ghent* v. *Planning Commission,* 219 Conn. 511, 516 n.4, 594 A.2d 5 (1991).

The language of § 17-311-53 (b) that requires that overpayments be recouped from monthly medicaid payments provides a convenient, orderly method for recouping overpayments, and does not address substantive issues regarding recoupment. Further, the requirement is stated in "affirmative terms unaccompanied by negative words" i.e., "shall recoup said Medicaid overpayments . . . ." Regs., Conn. State Agencies § 17-311-53 (b). Accordingly, this provision of § 17-311-53 (b) of the Regulations of Connecticut State Agencies is directory, and does not preclude the plaintiff from seeking to recover overpayments through lawsuit.

For the reasons stated above, the plaintiff's motion for summary judgment is granted.