[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, State of Connecticut department of transportation ("DOT"), commenced this action by service of process on the defendants, Charlene Castaldo, Dennis Dalbey and West Motor Freight, on March 27, 1996. The DOT alleges in the first count of the complaint that the negligence of the CT Page 1915 defendant, Dennis Dalbey, in operating a tractor trailer owned by the defendant, West Motor Freight, resulted in damage to the DOT property on or about October 29, 1993.
On June 3, 1997, Dennis Dalbey and West Motor Freight, moved to amend the answer to add a special defense, asserting that the DOT's action is barred by the applicable two year statute of limitations contained in General Statutes § 52-584. On June 3, 1997, Dalbey and West Motor Freight filed a motion for summary judgment on the ground that the DOT's action was commenced beyond the period of the applicable statute of limitations.
As required by Practice Book § 204, the defendants filed a memorandum of law in support of their motion for summary judgment. The plaintiff filed a memorandum in opposition.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci,238 Conn. 800, 806, 679 A.2d 945 (1996).
Dalbey and West Motor Freight argue in their memorandum in support of their motion for summary judgment that the DOT's alleged property damage occurred on October 29, 1993, but that the DOT's lawsuit was commenced more than two years later, and therefore, is barred by the two year statute of limitations contained in General Statutes § 52-584. The DOT argues in its memorandum in opposition that, although the action was commenced more than two years from the date of the incident, the action is not barred because the statute of limitations in General Statutes § 52-584 does not apply to the state in its capacity as a plaintiff.
A legal principal recognized in Connecticut regarding the construction of statutes limiting rights is that "they are not to be construed to embrace the government or sovereignty unless by express terms or necessary implication such appears to have been the clear intention of the legislature, and the rights of the government are not to be impaired by a statute unless its terms are clear and explicit, and admit of no other construction." (Emphasis in original; internal quotation marks omitted.) Joyell v. Commissioner of Education, 45 Conn. App. 476,485, 696 A.2d 1039 (1997). In 1982, the Appellate Session of the CT Page 1916 Superior Court upheld the trial court's determination that sovereign immunity protected the Connecticut department of transportation, as an agent of the state, from the statute of limitations in General Statutes § 52-584, thereby allowing the department of transportation to maintain its negligence action. Department of Transportation v. Canevari,37 Conn. Sup. 899, 442 A.2d 1358 (Appellate Session 1982). "The Connecticut Supreme Court has repeatedly stated that, as respects public rights, `a subdivision of the state, acting within its delegated governmental capacity, is not impliedly bound by the ordinary statute of limitations'" R.A. Civitello Co. v. New Haven,6 Conn. App. 212, 217, 504 A.2d 542 (1986), quoting State v. Goldfarb,160 Conn. 320, 326, 278 A.2d 818 (1971). "Although there is no clear holding by our Supreme Court that the negligence statute of limitations, § 52-584 of the General Statutes, does not apply to the state as plaintiff, that is the clear implication of several cases." Department of Transportation v. Nanco EquipmentCorp., Superior Court, judicial district of Hartford New Britain at Hartford, Docket No. 242083 (July 3, 1980) (Borden, J.). "The statute of limitations does not apply to bar a state agency from filing an action after the statutory period for bringing suit has expired." Aronson v. Foohey, 42 Conn. Sup. 348, 354, 620 A.2d 843
7 CONN. L. RPTR. 534 (1992). "The State, being sovereign, is not impliedly bound by the ordinary Statute of Limitations." King v. State,
Superior Court, judicial district of Fairfield at Bridgeport, Docket Nos. 287324, 287123 (January 26, 1995) (Rush, J.) (13 CONN. L. RPTR 321). "Statutes limiting rights are not to be construed to embrace sovereignty unless by the expressed terms or necessary implication such appears to have been the clear intention of the legislature." Id.
Because the DOT is acting as an agent of the state, sovereign immunity renders the two year statute of limitations found in General Statutes § 52-584 inapplicable to this plaintiff. General Statutes § 52-584 does not apply to the sovereign by its express terms or by necessary implication. Therefore, the motion for summary judgment of the defendants, Dennis Dalbey and West Motor Freight is denied.
Howard F. Zoarski Judge Trial Referee