[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSES
On June 22, 1999, the plaintiff, the Commissioner of Environmental Protection, filed a complaint against the defendant, Abubaker Kapadwala, on behalf of the state of Connecticut. The plaintiff alleges in its complaint that on March 7, 1994, the defendant directly or indirectly caused pollution and contamination of the land or waters of the state. The plaintiff alleges that the defendant is the owner of Happy House Variety Store (Happy House) located in Stamford, Connecticut. The plaintiff alleges that the defendant violated the law because discharge of heating oil from a pipe connecting the heating oil tank to the furnace in the basement of Happy House caused pollution. The discharge caused an emergency situation whereby the plaintiff has incurred costs and expenses in investigating, containing, removing, monitoring and mitigating the pollution. The plaintiff further asserts that because it incurred costs and expenses in this emergency situation, the defendant is liable pursuant to General Statutes § 22a-451,[1] and the plaintiff requests that the court grant it relief pursuant to General Statutes § 22a-5(e)[2] § 22a-6[3] and § 22a-451.
On March 15, 2000, the defendant filed an answer and revised special defenses.[4] The defendant's first special defense alleges that the plaintiff's claims are barred pursuant to one of the following statutes of limitations: General Statutes § 52-577c,[5] § 52-577[6] or § 52-584.[7] The second special defense alleges that the plaintiff's claims are barred by the doctrine of laches because the plaintiff knew or should have known of the existence of the claim on or about March 7, 1994, the plaintiff's delay exceeded any reasonable time period, and the continuation of the action severely prejudices the defendant.
On March 27, 2000, the plaintiff filed a motion to strike the defendant's first, second and third special defenses with a memorandum of law in support of its motion.[8] On May 1, 2000, the defendant filed an objection to the plaintiff's motion to strike with a memorandum in support of the objection. On May 11, 2000, the defendant filed a supplemental memorandum of law.[9] On November 15, 2000, the plaintiff filed a reply memorandum, and on November 24, 2000, the plaintiff filed a notice of supplemental authority supporting its motion to strike. Oral argument was held before this Court on November 20, 2000. CT Page 2436
 STANDARD OF REVIEW
"[A] plaintiff can [move to strike] a special defense. . . ." Nowak v.Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978); see also ConnecticutNational Bank v. Voog, 233 Conn. 352, 354-55, 659 A.2d 172 (1995); Girardv. Weiss, 43 Conn. App. 397, 417, 682 A.2d 1078, cert. denied,239 Conn. 946 (1996). "In . . . ruling on the . . . motion to strike, the trial court recognized its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992).
 FINDINGS 1. FIRST SPECIAL DEFENSE
The plaintiff first moves to strike the defendant's first special defense of the statutes of limitations. Specifically, the plaintiff argues that the statutes of limitations are not applicable here pursuant to General Statutes § 22a-451. The plaintiff asserts that each statute of limitations is a statute of general applicability and that nothing in the statutes the defendant cites indicates either by express terms or necessary implication that the legislature intended the statute to limit the rights of the State. The defendant argues that the statutes of limitations are applicable here because once the state submits itself to the jurisdiction of the court it subjects itself to any proper defense or crossclaim related to the subject of the action. Defendant further argues that the statute of limitations defenses are a procedural issue which binds the State and not a substantive issue.
"[S]tatutes of limitations do not generally apply to the state. [A] universal rule in the construction of statutes limiting rights [is] that they are not to be construed to embrace the government or sovereign unless by express terms or necessary implication such appears to have been the clear intention of the legislature, and the rights of the government are not to be impaired by a statute unless its terms are clear and explicit, and admit of no other construction." (Emphasis in original in italics. In bold is emphasis added; internal quotation marks omitted.)Joyell v. Commissioner of Education, 45 Conn. App. 476, 485, 696 A.2d 1039, cert. denied, 243 Conn. 910, 701 A.2d 330 (1997); see also State v.Shelton, 47 Conn. 400, 405 (1879). Furthermore, when the language of a statute is clear and unambiguous "courts may not by construction supply omissions in a statute merely because the court feels that it has good reasons for doing so and that the statute would thereby be improved. . . ." (Citation omitted.) Joyell v. Commissioner of Education, supra, CT Page 243745 Conn. App. 486.
"This court has recognized the principle that a subdivision of the state,[10] acting within its delegated governmental capacity, is not impliedly bound by the ordinary statute of limitations." State v.Goldfarb, 160 Conn. 320, 326, 278 A.2d 818 (1971); see also Dept. ofTransportation v. Canevari, 37 Conn. Sup. 899, 442 A.2d 1358 (1982) (Appellate Session) (affirming granting of motion to strike special defense of § 52-584 statute of limitations on the ground that a subdivision of the state is not bound by ordinary statute of limitations); Dept. of Transportation v. Castaldo, Superior Court, judicial district of New Haven at New Haven, Docket No. 38S371 (February 3, 1998, Zoarski, J.) (21 Conn.L.Rptr. 30S, 306) (statute of limitations contained in § 52-584 does not apply to bar state agency from filing action after statutory period for bringing suit has expired); Commissioner. Dept. of Transportation v. Lehigh, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 342600 (November 21, 1988, Allen, J.) (4 C.S.C.R. 34-35) (motion to strike statute of limitations as a special defense granted in an action by the commissioner of transportation to recover costs incurred in removing contamination of subsurface soil and groundwater).
The defendant is correct in arguing that the statute of limitation defenses at issue are procedural in nature. See Orticelli v. Powers,197 Conn. 9, 16, 495 A.2d 1023 (1985) (concluding that General Statutes § 52-577 is procedural rather than substantive, and thus may be waived); DiBenedetto v. Grenier, Superior Court, judicial district of Hartford at New Britain, Docket No. 462691 (February 17, 1995, Handy, J.) (observing that General Statutes § 52-584 is considered personal and procedural and must be pleaded as a special defense). The defendant argues, however, that because they are procedural, the state is bound by them. This Court is not persuaded. In light of the ruling in Joyell v.Commissioner, supra, whether the statute of limitations is procedural or substantive is irrelevant in this case. There is nothing in the statutes of limitations cited, either by express terms or necessary implication, that shows a clear intention of the Legislature to have the State be bound by these statutes of limitations.[11]
The defendant's argument that it is not fair to in effect exempt the State from the statutes of limitations has merit. However, "[i]f a change should be made, it is for the Legislature, and not the courts, to make."Leland v. Chawla, 39 Conn. Sup. 8, 13, 467 A.2d 439 (1983). The defendant's remedy, therefore, is with the Legislature and not with the court.
The plaintiff's claim is not subject to or barred by the statutes of CT Page 2438 limitations in General Statutes §§ 52-577c, 52-577 or 52-584 and, therefore, the defendant may not raise these statutes of limitations as defenses. Accordingly, the motion to strike the defendant's first special defense is granted.
 2. SECOND SPECIAL DEFENSE
The plaintiff further moves to strike the defendant's second special defense of laches, arguing that laches is not available as a defense to actions brought by the state in accordance with laws and regulations. The defendant argues that once the state becomes a party it opens the door to the assertion of any available defenses.
"The defense of laches has application only when there is established unreasonable, inexcusable, and prejudicial delay in bringing suit."Castonguay v. Plourde, 46 Conn. App. 251, 265, 699 A.2d 226, cert. denied, 243 Conn. 931, 701 A.2d 660 (1997). "The defense is comprised of two elements: (1) a delay that was inexcusable; and (2) a delay that prejudiced the defendant. . . .The burden is on the party alleging laches to establish the defense." (Citations omitted.) Id.
"[T]he doctrine of laches may not be invoked against a governmentalagency." (Emphasis added.) Joyell v. Commissioner of Education, supra,45 Conn. App. 486; see also Bianco v. Darien, 157 Conn. 548, 556,254 A.2d 898 (1969) ("A zoning commission `is not estopped by laches from enforcing its zoning laws.'"); Wallingford v. Roberts, 145 Conn. 682,685, 146 A.2d 588 (1958) (when a public body owes a duty to the public to compel compliance with regulations, that public body is not estopped by laches from enforcing its laws); Aronson v. Foohey, 42 Conn. Sup. 348,355, 620 A.2d 843 (1992) (suit by commissioner of income not barred because laches may not be invoked against state agency).
"[Public rights, however,] may be lost by an abandonment of them by those interested in their enforcement. Such abandonment may be inferred from circumstances or may be presumed from long continued neglect." Derbyv. Alling, 40 Conn. 410, 436-37 (1873); see also Appeal of Phillips,113 Conn. 40, 46, 1S4 A. 238 (1931) (abandonment implies a voluntary andintentional renunciation). "[I]t is only by abandonment that [public] rights can be lost through failure to assert them and a delay in doing so is only evidence of such abandonment." Appeal of Phillips, supra,113 Conn. 45. Emphasis added. However, the defendant has not alleged abandonment.
The defendant may not assert laches against the plaintiff to prevent it from acting in its sovereign capacity to assert public rights because the plaintiff owes a duty to the public (the taxpayers of Connecticut) to CT Page 2439 compel the defendant to reimburse the state for costs and expenses of containing and removing the pollution and contamination. Accordingly, the plaintiff's motion to strike the defendant's second special defense of laches is granted.
Rittenband, JTR