[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO STRIKE
This is an action brought by the Commissioner of the Department of Environmental Protection, who seeks, pursuant to § 22a-451 of the General Statutes, to recover costs and/or expenses incurred in responding to environmental pollution. The defendant Xtra Lease, allegedly the owner of a trailer causing pollution, has in its answer alleged special defenses of laches and the statute of limitations. The commissioner has moved to strike[1] the defenses on the ground that the such defenses do CT Page 7455 not apply to the state.
There is a wealth of authority to the effect that the statute of limitations does not apply to the state.[2] See, e.g., State v.Goldfarb, 160 Conn. 320 (1971); Joyell v. Commissioner of Education,45 Conn. App. 476 (1997); State v. Shelton, 47 Conn. 400 (1879). The defendant argues that, although the general proposition that statutes of limitation do not apply to the state may be true, "the corollary is that the State is bound by any statute of limitations which expressly govern a particular cause of action." (Objection of Xtra Lease, p. 4). The defendant claims that § 52-577c(b) expressly covers the cause of action brought under § 22a-451, and therefore the statute of limitations applies to the state.
One of the difficulties with the defendant's argument is that even if § 52-577c(b) applies to actions brought under § 22a-451, which proposition is not at all clear, it obviously applies to other sorts of actions as well. By its terms it applies to any "action to recover damages for personal injury or property damage caused by exposure to a hazardous chemical substance or mixture or hazardous pollutant released into the environment. . . ."[3] The limitation would appear to apply to actions brought, inter alia, by individuals who suffer bodily injury as a result of exposure and many other sorts of cases. It is beyond dispute that even if § 52-577c applies on its face to the instant action, it also applies to a wide variety of actions brought by persons other that the state. If this is so, then the argument that the legislature intended § 52-577c to be an exception to the general rule that the state is not bound by statutes of limitations loses credence.[4]
The general rule as to laches is similar: the state is not subject to such a defense. See, e.g., West Hartford v. Rechel, 190 Conn. 114, 120
(1983), and the more directly analogous Superior Court cases of Aronsonv. Foohey, 42 Conn. Sup. 348 (1993), and Burnsv. Lehigh, Inc., 1989 C.S.C.R. 34 (1989). The defendant has pointed to no authority expressly allowing the defense of laches to be used against the state.[5]
The motion to strike both defenses is granted.
Beach, J.